

FILED
CLERK, U.S DISTRICT COURT
JUN - 5 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALFONSO CANO, | No. CV 07-5776-AG (AGR) |
|     Petitioner, | |
| v. | ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| LONNIE WATSON, Warden, | |
|     Respondent. | |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: MAY 31, 2008

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CANO,<br><br>Petitioner,<br><br>v.<br><br>LONNIE WATSON, Warden,<br><br>Respondent. | NO. CV 07-5776-AG (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Andrew J. Guilford, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On September 4, 2003, a Ventura County Superior Court convicted Petitioner of possession and transportation of a controlled substance after Petitioner's plea of no contest; the court also found true two enhancements. (Petition at 2; Lodged Document ("LD") 1.) On October 7, 2003, Petitioner was sentenced to 11 years in prison. (Id.) Petitioner did not appeal his conviction. (Id.)

On October 11, 2006, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court, which denied it on October 26, 2006, in a written decision. (LD 2, 3.) On November 13, 2006, Petitioner filed a state petition for writ of habeas corpus in the California Court of Appeal, which was denied on November 27, 2006, without explanation. (LD 4,5.) On December 7, 2006, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court, which was denied on June 20, 2007, citing to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (LD 6, 7.)

On September 5, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court in which he raised two grounds: (1) he was denied work-time credits while in reception because he should have been given a job assignment (Petition at 5; Reply at ¶ 3); (2) he was denied work-time credits while in reception based on the failure to assign him to the Bridging Education Program (Petition at 5).

On October 29, 2007, Respondent filed an answer. On November 21, 2007, Petitioner filed a reply.

This matter was taken under submission and is now ready for decision.

II.

## STANDARD OF REVIEW

A federal court may not grant a petition for writ of habeas corpus by a

person in state custody with respect to any claim that was adjudicated on the merits in state court unless it (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Woodford v. Visciotti*, 537 U.S. 19, 21, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (per curiam).

"'[C]learly established Federal law' . . . is the governing legal principle or principles set forth by the Supreme Court at the time the state court rendered its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). A state court's decision is "contrary to" clearly established Federal law if (1) it applies a rule that contradicts governing Supreme Court law; or (2) it "confronts a set of facts . . . materially indistinguishable" from a decision of the Supreme Court but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). A state court's decision cannot be contrary to clearly established Federal law if there is a "lack of holdings from" the Supreme Court on a particular issue. *Carey v. Musladin*, 127 S. Ct. 649, 654, 166 L. Ed. 2d 482 (2006).

Under the "unreasonable application" prong of section 2254(d)(1), a federal court may grant habeas relief "based on the application of a governing legal principle to a set of facts different from those of the case in which the principle was announced." *Lockyer*, 538 U.S. at 76; *see also Woodford*, 537 U.S. at 24-26 (state court decision "involves an unreasonable application" of clearly established federal law if it identifies the correct governing Supreme Court law but unreasonably applies the law to the facts).

A state court's decision "involves an unreasonable application of [Supreme Court] precedent if the state court either unreasonably extends a legal principle . .

3

1 | . to a new context where it should not apply, or unreasonably refuses to extend
2 | that principle to a new context where it should apply." *Williams v. Taylor*, 529
3 | U.S. 362, 407, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).
4 |     "In order for a federal court to find a state court's application of [Supreme
5 | Court] precedent 'unreasonable,' the state court's decision must have been more
6 | than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct.
7 | 2527, 156 L. Ed. 2d 471 (2003) (citation omitted). "The state court's application
8 | must have been 'objectively unreasonable.'" *Id.* (citation omitted); *see also Clark*
9 | *v. Murphy*, 331 F.3d 1062, 1068 (9th Cir.), *cert. denied*, 540 U.S. 968 (2003).
10 |     "Factual determinations by state courts are presumed correct absent clear
11 | and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated
12 | on the merits in a state court and based on a factual determination will not be
13 | overturned on factual grounds unless objectively unreasonable in light of the
14 | evidence presented in the state-court proceeding, § 2254(d)(2)." *Miller-El v.*
15 | *Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *see also*
16 | *Mitleider v. Hall*, 391 F.3d 1039, 1046 (9th Cir. 2004), *cert. denied*, 545 U.S. 1143
17 | (2005).
18 |     In applying these standards, this Court looks to the last reasoned State
19 | court decision. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006). To the
20 | extent no such reasoned opinion exists, as when a state court rejected a claim in
21 | an unreasoned order, this Court must conduct an independent review to
22 | determine whether the decisions were contrary to, or involved an unreasonable
23 | application of, "clearly established" Supreme Court precedent. *Delgado v. Lewis*,
24 | 223 F.3d 976, 982 (9th Cir. 2000). If the state court declined to decide a federal
25 | constitutional claim on the merits, this Court must consider that claim under a *de*
26 | *novo* standard of review rather than the more deferential "independent review" of
27 | unexplained decisions on the merits authorized by *Delgado*. *Lewis v. Mayle*, 391
28 | ///

F.3d 989, 996 (9th Cir. 2004) (standard of *de novo* review applicable to claim state court did not reach on the merits).

### III.
### DISCUSSION

Respondent makes two arguments that do not go to the merits. First, Respondent argues that the petition is time-barred. (Answer at 4.) Second, Respondent argues that Ground One is unexhausted. (*Id.* at 2.) With respect to the statute of limitations argument, the Antiterrorism and Effective Death Penalty Act of 1996 limitations period is not jurisdictional. *Day v. McDonough*, 547 U.S. 198, 205, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006); *see also Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 & 523 U.S. 1061 (1998), *overruled in part on other grounds by Calderon v. United States District Court (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998). The Court is therefore not required to decide the statute of limitations defense raised by Respondent before reaching the merits of the petition.

With respect to the exhaustion argument, Ground One, although unexhausted, may be denied on the merits as it is "perfectly clear" it raises no colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005), *cert. denied sub nom. Schriro v. Cassett*, 546 U.S. 1172 (2006).

The Court will address Petitioner's grounds in reverse order.

**A.    GROUND TWO: Bridgeport Education Program**

A claim involving only the application and/or interpretation of California law is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d

///

5

385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Petitioner argues that under California law he was denied work-time credits under the Bridging Education Program while he was housed at the prison reception center. (Petition, Ex. A.) Petitioner and Respondent agree on the material facts. The Bridging Education Program became available first on November 1, 2003, to the general prison population. (Petition, Ex. A at 3; Answer at 4.) The program became available to reception center inmates on February 15, 2004. (*Id.*) Petitioner was housed at the reception center effective October 15, 2003. (*Id.*) Petitioner was not assigned to the program until February 15, 2004, and, therefore, missed out on several months of work-time credits. (*Id.*)

Petitioner argues he was housed at the reception center because the prison was overcrowded. (Petition, Ex. A at 4.) Respondent argues that Petitioner was housed at the reception center because he was unclassified. (Answer at 7); *see* 15 Cal. Code Regs. § 3044(b)(8) ("An inmate undergoing reception center processing is in [a U] status from the date of their reception until classified at their assigned institution, unless the inmate is assigned to a full-time Bridging Education Program as described in this section.").

The Kings County Superior Court decision, which is the last reasoned decision under *Davis*, concluded that Petitioner is wrong under state law. (LD 3.) The court cited to 15 Cal. Code Regs. § 3040.2(a), which provides that "[i]nmates . . ., who are housed in general population institutions, will be eligible to be assigned to the Bridging Education Program." The court explained that Petitioner's premise is flawed because even if Petitioner had been transferred to general population as of November 1, 2003, "he would **not** have been immediately assigned to the program." (*Id.* at 2 (emphasis in original).) Moreover, any assignment to the program would have been delayed while a committee reviewed Petitioner's eligibility. (*Id.* (citing 15 Cal. Code Regs. §

6

1  3040.2(e) ("General population inmates may be assigned to Bridging Education
2  Programs following a classification committee review as detailed in section
3  3376.").)  Assuming the committee approved Petitioner's assignment to the
4  program, Petitioner might still have been required to wait additional time. (*Id.*
5  (citing 15 Cal. Code Regs. § 3044(b)(3)(A) ("The inmate is placed on a waiting list
6  pending availability of a full-time work/training assignment.").

   Petitioner does not rebut any of the conclusions of the state court, which do
   not appear to be unreasonable.  In addition, Petitioner concedes "he has not
   presented issues of federal law." (Reply at 3.)  Because this is purely a matter of
   the interpretation of state law, this ground is not cognizable under habeas.

   Petitioner's claim fails.

   **B.     GROUND ONE: Denial of Credits While in Reception**

   Petitioner contends that when the trial court sentenced him to prison, he
   was sentenced "to 11 years with half time." (Petition at 5.)  He further claims that
   his half time "started when he entered CDCR." (*Id.*)  Petitioner provides no
   additional explanation or support for this ground in the petition.  Paragraph 3 of
   the reply may be in support of this ground.  Paragraph 3 states that Petitioner
   was held in reception for over four months without a job assignment "knowing that
   the Court sentenced the petitioner to half time."

   To the extent Ground One is different from Ground Two, it is conclusory,
   unsupported, and fails.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir.)
   ("Conclusory allegations which are not supported by a statement of specific facts
   do not warrant habeas relief.") (citation omitted), *cert. denied sub nom. James v.
   White*, 513 U.S. 935 (1994).

   ///
   ///
   ///
   ///

## IV.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: February 7, 2007

ALICIA G. ROSENBERG
United States Magistrate Judge

1  NOTICE

2   Reports and Recommendations are not appealable to the Court of Appeals,
3 but are subject to the right of any party to file Objections as provided in the Local
4 Rules Governing Duties of Magistrate Judges, and review by the District Judge
5 whose initials appear in the docket number.  No Notice of Appeal pursuant to the
6 Federal Rules of Appellate Procedure should be filed until entry of the Judgment
7 of the District Court.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28